UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JON LEWELLYN HAYDEN, #17186, | § | |
| Petitioner, | § § § | |
| v. | § § | SA-25-CV-00713-XR |
| SHERIFF JAKE GUERRA, Atascosa County,[1] | § § § | |
| Respondent. | § § | |

### ORDER OF DISMISSAL

Before the Court is *pro se* Petitioner Jon Lewellyn Hayden's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. (ECF No. 1). The Court granted Hayden's request to proceed *in forma pauperis*. Upon review, Hayden's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**. (*Id.*).

### BACKGROUND

Hayden is confined in the Atascosa County Jail based on indictments for stalking and "viol bond/protective order assault/stalk IAT." (ECF No. 1); *see* Online Record Search (last visited June 25, 2025). While confined, Hayden filed this § 2241 Petition. (ECF No. 1). The grounds for relief in Hayden's Petition are nonsensical, bordering on delusional, as is his request for relief:

> GROUND ONE: Complaintants Federally condemned or Under Federal Indictment. Invalid Individuals For Open Court Testimonies. Everybody holding Sway Against or Over Me is a Conspirator. All yalls Indictments are 99.9% Convictions, I've Been In Federal Prison #32039279.
>
> Page 7 of 10

> GROUND TWO: Every Elected Official, Licensed Public Servant or Licensed Attorney has displayed incompetence. Probably due to indictment, involvement or conviction of blood family member in a very tight Nit community (cult community)

---

[1] Petitioner Jon Lewellyn Hayden named the "Atascosa County Courts" as the respondent in this matter. (ECF No. 1). However, the proper respondent is Atascosa County Sheriff Jake Guerra because Hayden is detained in the Atascosa County Jail. (*Id.*). Accordingly, the Clerk of Court is directed to change the style of the case to reflect the proper respondent as set out in the style of this Order.

> GROUND THREE: Poisoning by Insulin all records sent to Texas Bar Association. Numerous file #'s assigned, please retrieve thru yalls authoritie. Requested Texas Legal Center to mail or send to federal authorities/ prosecutors over initial case.
>
> **Request for Relief**
>
> 15. State exactly what you want the court to do: Free Me before yall go thru slow motion actions of yalls clean dry cut structure. I'm the Sole Blood Heir my parents were Murdered Unbeknownst To Me And I'm Innocent. I'm not a Conspirator And Supposedly Registerd Documentation Makes Yall Aware Ahead Of This Filing.

(*Id.*). The crux, however, is Hayden's belief that he is illegally confined. (*Id.*). As relief, he seeks to be released. (*Id.*).

## ANALYSIS

When a state prisoner challenges the fact or duration of his or her physical imprisonment and by way of relief seeks a determination that he or she is entitled to immediate release or a speedier release, the federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, to warrant habeas relief under § 2241, a state petitioner must be in custody and must have exhausted all available state remedies. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–91 (1973); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Hayden has satisfied the first requirement, i.e., he is in custody. *See id.* However, he must also satisfy the second requirement of exhaustion of available state–court remedies to obtain relief in this matter. *See Braden*, 410 U.S. at 489–91; *Dickerson*, 816 F.2d at 224.

Although exhaustion of state remedies is statutorily mandated only for post–trial habeas claims under 28 U.S.C. § 2254(b), well–established Fifth Circuit precedent holds federal courts should abstain from exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See, e.g., Dickerson*, 816 F.2d at 225; *Brown v. Estelle*, 530 F.2d 1280,

1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre–trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

Atascosa County records show Hayden's state–court criminal proceedings are ongoing; an appearance hearing is set for August 6, 2025. *See* [Online Record Search](). There is nothing in the trial court records to show Hayden, who is represented by appointed counsel, has sought relief in the trial court. *Id.* Moreover, searches of the public websites for the Fourth Court of Appeals and the Texas Court of Criminal Appeals show no filings by Hayden pertinent to his current detention. *See* [TAMES Search]() (last visited June 25, 2025); [TAMES Search]() (same). Thus, the Court finds Hayden has not shown he has exhausted his available state–court remedies as required prior to seeking relief by way of a § 2241 habeas petition. *See Braden*, 410 U.S. at 489–91. Additionally, Hayden has not shown that trial or existing state procedures—including pretrial habeas review, direct appeal, and post–trial state habeas review—are insufficient to protect his constitutional rights. Accordingly, his habeas corpus claims are unexhausted and may not go forward here. *See id.*

Moreover, to the extent Hayden seeks his immediate release from custody, his claim is subject to application of the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Id.* at 45. Its purpose is to protect on federalism grounds the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *See Dickerson*, 816

F.3d at 225; *Braden*, 410 U.S. at 490–91. In short, it is to prevent federal habeas relief's use as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when the following conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the [defendant/petitioner] has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). The Court finds that all prerequisites for abstention under *Younger* are met in the instant case.

## Conclusion

Because Hayden has not exhausted his state–court remedies and all prerequisites for abstention under *Younger* have been met, the Court finds his § 2241 Petition is subject to dismissal without prejudice.

**IT IS THEREFORE ORDERED** that Hayden's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 25th day of June, 2025.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE